IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRY BRIGNAC | § | PLAINTIFF |
| | § | |
| | § | |
| v. | § | Civil No. 1:13CV437-HSO-RHW |
| | § | |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY | § | DEFENDANT |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S [43] MOTION IN LIMINE TO EXCLUDE
INFORMATION CONCERNING INSURANCE, REFERENCE
TO INSURER AT TRIAL, AND AS TO PREMIUMS**

THIS MATTER COMES BEFORE THE COURT on the Motion in Limine to Exclude Information Concerning Insurance, Reference to Insurer at Trial, and as to Premiums [43] filed by Defendant State Farm Mutual Automobile Insurance Company. Plaintiff Terry Brignac has filed a Response [60] in opposition to the Motion [43]. For the reasons that follow, the Court finds that this Motion [43] should be granted in part and denied in part.

I. DISCUSSION

Defendant characterizes this dispute as a "direct action for uninsured motorist's coverage benefits." Mot. [43] at 1. Defendant concedes that Plaintiff was involved in a two-vehicle wreck where an unknown vehicle struck the rear of the vehicle driven by Plaintiff and then drove away from the scene. Defendant further acknowledges that certain insurance policies were issued by Defendant to Plaintiff's husband, that the policies were in effect at the time of the wreck, and that the

-1-

policies include uninsured/underinsured motorists' coverage ("UM coverage"). *Id.* at 1-2. According to Defendant, "[t]he factual issue is the extent, nature and cause of the injuries and damages Plaintiff sustained as a result of this wreck." *Id.* at 2. Pursuant to Federal Rules of Evidence 401, 402, and 403, Defendant requests that the Court "exclude testimony given or solicited, directly or indirectly, in any manner whatsoever, or documentation published to the jury pertaining to the existence of UM coverage, premiums paid for UM coverage, the policy limits of the UM coverage held by the Plaintiff." Defendant also "requests that the Court preclude any reference to State Farm as a party to this litigation at trial." *Id.* at 2.

Plaintiff objects to the extent that State Farm seeks to be referred to as only an "interested party" at trial. Resp. [60] at 1. Because State Farm is the only Defendant, Plaintiff argues that not identifying State Farm at trial risks juror confusion. *Id.* at 2, 4-5. Plaintiff maintains that the identity of State Farm is relevant because Plaintiff will cross-examine State Farm's designated expert witness, Dr. Eric Wolfson, regarding potential bias, "specifically the substantial income he earns through working for State Farm." *Id.* at 3. "Plaintiff has no objection to the exclusion of [the] amount of coverage" at issue in this case. *Id.* at 8.

A.  <u>Amount of UM Coverage</u>

Plaintiff is not opposed to the exclusion of the amount of UM coverage at issue in this case. Therefore, to the extent that Defendant asks the Court to exclude the amount of coverage under the relevant policies, the Motion [43] will be granted in part as unopposed.

B.  <u>Premiums Paid</u>

The Court is also persuaded that the amount of premiums paid for the relevant policies should be excluded at trial.  Based upon Defendant's concessions that the policies were in full force and effect at the time of the accident and that the premiums were fully paid, Mot. [43] at 2, any evidence as to the amount of premiums paid does not have any tendency to make a fact of consequence in this case more or less probable than it would be without the evidence, Fed. R. Evid. 401, such that it is irrelevant and therefore inadmissible, Fed. R. Evid. 402.  Even if relevant to any issue in this case, the Court finds that the probative value of such evidence is substantially outweighed by the dangers of unfair prejudice, confusing the issues, and misleading the jury.  *See* Fed. R. Evid. 403.  This portion of Sate Farm's Motion [43] will be granted.

C.  <u>Existence of UM Coverage and References to State Farm at Trial</u>

Defendant posits that because it has admitted that UM coverage exists under the facts of this case, the Court should exclude evidence or testimony regarding the existence of UM coverage.  Defendant also seeks to prevent any references to State Farm as the Defendant in this action.  Plaintiff, on the other hand, seeks to avoid confusion by identifying for the jury who the parties are and by explaining the parties' relationship to the jury.  Plaintiff also seeks to cross-examine Defendant's designated expert witness regarding his prior work for State Farm in other cases, which Plaintiff maintains would necessarily require State Farm to be identified as the Defendant.

The Court is persuaded that not identifying State Farm as a Defendant in this case, or not explaining why State Farm is a Defendant in this case, would lead to unnecessary and substantial confusion by the jury and would invite speculation. Moreover, while the Court cannot make a definitive pretrial ruling at this time as to what evidence pertaining to State Farm's designated expert might or might not be admissible at trial, it is possible that evidence or cross-examination regarding the expert's fees paid by Defendant for work in prior cases might be relevant for purposes of showing potential bias. *See Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980), *superseded by rule on other grounds as noted in Mathis v. Exxon Corp.*, 302 F.3d 448, 459 n.16 (5th Cir. 2002).

Defendant relies upon *Heflin v. Merrill*, 154 So. 3d 857 (Miss. 2014), for the proposition that a trial court should not inform the jury of the role of the underinsured motorist coverage carrier, even when the carrier is a party to the lawsuit and actively participates in the trial, because the carrier's identity is irrelevant. *Heflin* is distinguishable from the present case. In *Heflin*, the plaintiff sued both the estate of the alleged tortfeasor and the plaintiff's underinsured motorist carrier, Nationwide Insurance Company. *Id.* at 859. State Farm is the sole Defendant in the present case. Unlike Nationwide's role in *Heflin*, State Farm's role is central to the jury understanding the case and what it must ultimately decide.

Defendant has not shown that acknowledging the mere existence of UM coverage or identifying State Farm as the Defendant to the jury would be improper

under the Federal Rules of Evidence.  Nor is the Court persuaded that either would run afoul of, or even implicate, the collateral source rule.  For these reasons, Defendant's Motion [43] will be denied in part to the extent it seeks to exclude all references to the existence of UM coverage and to State Farm as a Defendant in this case.

## II. CONCLUSION

For the reasons stated herein, the Court finds that Defendant's Motion in Limine to Exclude Information Concerning Insurance, Reference to Insurer at Trial, and as to Premiums [43] should be granted in part and denied in part.  Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion in Limine to Exclude Information Concerning Insurance, Reference to Insurer at Trial, and as to Premiums [43] filed by Defendant State Farm Mutual Automobile Insurance Company, is **GRANTED IN PART and DENIED IN PART**, as delineated herein.  Any and all evidence and testimony regarding the amount of coverage under the relevant policies and the amount of premiums paid for the policies will be **EXCLUDED** at trial.

**SO ORDERED AND ADJUDGED**, this the 19th day of March, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE